**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**OSCAR MILLER**

    **Plaintiff;**

                                      **Case No.: _____**

**vs.**

**LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY**

    **Defendant.**

---

## COMPLAINT

---

COMES NOW Plaintiff, Oscar Miller (hereinafter "**Plaintiff**" or "**Mr. Miller**"), by and through his attorneys, and for his Complaint against Defendant, Lincoln National Life Insurance Company (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Walmart, Inc.'s Long Term Disability Plan and corresponding insurance policy (**Policy No.: GD/GF3-850-290765-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered and/or managed by Lincoln (as successor in interest to Liberty Life Assurance Company of Boston)[1]

---

[1] It may also be noted, upon information and belief, that the entity "Lincoln Life Assurance Company of Boston," which earlier assumed the Plan/Policy in dispute from Liberty Life Assurance Company of Boston, was merged into

for the benefit of certain employees of Walmart, Inc. (hereinafter "**Walmart**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2.     The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff.  *See*, **Lincoln Claim No.: 8451224**.

3.     Venue is proper in the Eastern District of Kentucky, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

### RELEVANT PARTIES

4.     Mr. Miller lives in Lexington, Kentucky, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place with the Eastern District of Kentucky.

5.     At all times relevant hereto, Mr. Williams was an "employee" of Walmart, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6).  However, due to his established disability, he last worked at Walmart on or about May 6, 2018.

6.     At all times relevant hereto, Walmart was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7.     At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Lincoln was an "administrator" and/or a "fiduciary" for

---

a new entity (and thus ceased to exist) on or about October 1, 2021; the surviving entity being "Lincoln National Life Insurance Company."

the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Lincoln was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Lincoln has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8.      At the times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator Walmart.

9.      Under the Plan, Walmart delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10.      At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11.      At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12.      The Plan/Policy provides that after benefits have been payable for 24 months, the test of Disability is whether the insured "as a result of Injury or Sickness . . . is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation."

## STATEMENT OF FACTS

13.      Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14.     Plaintiff is currently 61 years old, and his date of birth is in April, 1960.

15.     Plaintiff worked for Walmart for approximately 23 years; when he last worked, he was employed as operations manager, earning annual wages of approximately $106,600.00.

16.     Owing to his established medical disability, Mr. Miller's last day of work was, as stated, on or about May 6, 2018.

17.     The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: orthopedic/spinal issues including multiple bulging discs; history of nerve ablation in left hip; pending nerve ablation in right hip; history of bilateral total knee replacements; neuropathy in both feet; gout; severe problems with bunions and toe problems as a result; history of carpal tunnel syndrome with bilateral carpal tunnel release and ulnar transposition.

18.     After he could no longer perform his work for Walmart, Mr. Miller was eligible and applied for LTD benefits through Lincoln. LTD benefits were awarded from approximately November 9, 2018 through December 29, 2020.

19.     At that time, however, Lincoln terminated further benefits. The initial denial letter was dated December 31, 2020.

20.     Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny LTD benefits. The final denial letter was dated September 30, 2021.

21.     Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22.     Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

23.    At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

24.    Also, Mr. Miller has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated April 22, 2019, Mr. Miller was found disabled by the Social Security Administration. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

25.    Under any ERISA standard of review that may apply, the position taken by Lincoln in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

26.    Further, Lincoln's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27.    Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

28.    Upon information and belief, the Policy was delivered in the State of Arkansas; pursuant to its express terms, the Policy is subject to the laws of that jurisdiction. Thus, as Governing Jurisdiction under the Policy, Arkansas law should apply in this matter.

29.     Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30.     Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31.     Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant

6

surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.      That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C.      That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D.      That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored retirement plan(s) (if and as any/all

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

7

of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E.     That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F.     That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G.     Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief; this includes without limitation amended/supplemental pleading to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 27th day of October, 2021.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

8

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, KY Bar No. 97985
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

9