**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | |
|---|---|
| OSCAR MILLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **CIVIL ACTION NO.  5:21CV00274-KKC** |
| **v.** | ) |
| | ) |
| THE LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Oscar Miller, and states as follows:

**JURISDICTION AND VENUE**

1.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this Court has jurisdiction over this action.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations.  Lincoln admits that it merged with Lincoln Life Assurance Company of Boston (which was formerly known as Liberty Life Assurance Company of Boston).  Lincoln admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Walmart, Inc. ("Walmart"), which, at certain times, insured long-term disability ("LTD") benefits from the Walmart, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by

Walmart, and that, at certain times, Lincoln was the claims administrator for claims for LTD benefits from the Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.       Lincoln admits Plaintiff's claims are governed by ERISA and that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy that was assigned claim number 8451224.  Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.       Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

## RELEVANT PARTIES

4.       Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.       Lincoln admits Plaintiff was, at certain times, employed by Walmart.  To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required to answer such allegations.  Lincoln admits Plaintiff's last day of work at Walmart was May 6, 2018.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits that, at certain times, Walmart sponsored and was the Plan Administrator of the Plan, which provided certain benefits to participating, eligible employees of Walmart.   To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that it issued the Policy to Walmart, which, at certain times, insured LTD benefits from the Plan sponsored by Walmart.  Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan.  To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to answer such allegations.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy.  Lincoln specifically denies that it was the Plan Administrator of the Plan.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy.  Lincoln specifically denies that it was the Plan Administrator of the Plan.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.      Lincoln admits that the Plan is an employee benefit plan as defined by ERISA and is governed by ERISA.  Lincoln admits Plaintiff was, at certain times, an employee of Walmart and that Walmart sponsored the Plan to provide long term disability benefits to certain

3

employees of Walmart, of which Plaintiff was, at certain times, a participant. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

### STATEMENT OF FACTS

13.     Lincoln incorporates its responses contained in Paragraphs 1 through 12 as if fully stated herein.

14.     Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln admits Plaintiff was, at certain times, employed by Walmart as an Operations Manager. Lincoln admits that certain documents concerning Plaintiff's wages/salary at Walmart are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Walmart was May 6, 2018. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.    Lincoln admits it sent a letter dated December 31, 2020, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.    Lincoln admits Plaintiff's counsel submitted an appeal of the denial of further LTD benefits from the Plan under the Policy.  Lincoln admits it sent a letter dated September 30, 2021, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.    Lincoln admits the allegations contained in Paragraph 21 of the Complaint.

22.    Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.    Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the documents governing the Policy as the best evidence of their contents.  To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.    Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which

Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits the governing jurisdiction of the Policy is Arkansas. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

**CAUSES OF ACTION**

**COUNT I -- ERISA/Statutory Claims**

30. Lincoln incorporates its responses contained in Paragraphs 1 through 29 as if fully stated herein.

31. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 30th day of November 2021.

**8**

Respectfully submitted,

By:   /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

K. Cody Allison, Esq.
cody@codyallison.com

November 30, 2021                        /s/ Iwana Rademaekers
Date                                           Iwana Rademaekers

9