**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**OSCAR MILLER,**

    **Plaintiff;**

                                                 **Case No.: 5:21-cv-00274-KKC**

**vs.**

**LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**

    **Defendant.**

---

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

---

Plaintiff, Oscar Miller ("Plaintiff" or "Mr. Miller"), and Defendant, Lincoln National Life Insurance Company ("LINA"), by and through counsel, file this Joint Preliminary Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16.1. The parties have conferred and submit the following report:

1.     **Jurisdiction.** Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e) & (f).

2.     **Service of Process.** The parties agree that the Defendant was properly served.

3.     **Initial Disclosures.** The parties assert that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) on the basis that this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(E)(i). Nevertheless, the parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirements of service of any initial disclosures under Rule 26(a). Defendant shall serve and file the AR in this case in accordance with the schedule set forth in Paragraphs 4(C) and 4(D) below.

4.    **Discovery Plan.**  As limited below, the parties jointly propose to the Court the following plan:

A.    No party has served discovery at this time.

B.    Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. § 1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Additionally, there is the possibility that the parties will disagree as to what constitutes the AR. To address these concerns, the parties propose the following schedule with respect to discovery.

C.    Defendant shall serve a copy of the AR on Plaintiff no later than February 2, 2022.  Should Plaintiff have any objection to the content of the AR, such written objection shall be filed on or before February 16, 2022.

D.    Subject to any objections as per Paragraph 4(C), Defendant shall file the AR with the Court by February 23, 2022.  Defendant will file the ERISA administrative record under seal to protect the confidential and private information of the Plaintiff.

E.    The parties will endeavor to resolve any discovery disputes between themselves, prior to involving the Court.

F.    Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve or notice such discovery on or before March 23, 2022. Plaintiff's service or notice of discovery shall not be considered a waiver by Defendant of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

G.    No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved

2

after good faith discussions should be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all discovery motions shall be filed by no later than May 25, 2022.

     5.     **Dispositive Motions.**

     A.     This is a claim for ERISA benefits under 29 U.S.C. §1132(a), and will thus likely ultimately be decided on the parties' respective cross-motions for judgment on the record or for summary judgment.  Such respective cross-motions by the parties must be filed by June 29, 2022; or if any motions or other issues concerning discovery remain pending as of that date, within sixty (60) days after resolution of discovery motions and the conclusion of any subsequent discovery.  Responses/oppositions to such motions are due within twenty-eight (28) days of said motions being filed. Optional reply briefs are due within fourteen (14) days of responses/oppositions being filed.

     B.     Initial and response briefs shall not exceed twenty-five (25) pages. Reply briefs are limited to five (5) pages.

     C.     No motion for partial summary judgment shall be filed except upon leave of Court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

**Respectfully Submitted,**

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ K. Cody Allison
K. Cody Allison, KY Bar No. 97985
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

*Attorney for Plaintiff*

**LAW OFFICE OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar No. 16452560
(Admitted Pro Hac Vice)
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

*Attorney for Defendant*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5<u>th</u> day of January, 2022, it is anticipated that a true and correct copy of the foregoing document will be served via ECF on:

Iwana Rademaekers
Law Office of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademaekerslaw.com

/s/ K. Cody Allison
K. Cody Allison