**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

OSCAR MILLER,                                    CIVIL ACTION NO. 5:21-274-KKC

     **Plaintiff,**

**V.**                                                      **ORDER**

**LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY,**

     **Defendant.**

The Court hereby ORDERS:

(1) No later than thirty (30) days from the entry of this order, counsel for the parties shall confer and file a written joint report setting out the appropriate standards of review and shall file under seal the record that was before the plan administrator.

(2) If the parties are unable to agree on the appropriate standards of review, no later than forty-five (45) days from the entry of this order, each shall file a brief not to exceed five (5) pages setting forth its position regarding the standard of review.

(3) No later than sixty (60) days from the entry of this order, counsel for the plaintiff shall file a motion for judgment reversing the administrative decision.

(4) No later than thirty (30) days following the filing of plaintiff's motion, counsel for the defendant shall file a Response thereto.

(5) No later than fifteen (15) days following the filing of defendant's response, counsel for the plaintiff may file a Reply.

(6) That upon filing of the above, the case shall stand submitted.

(7) In their joint report (DE 11), the parties mention the possibility of limited discovery. In reviewing the merits of a decision denying ERISA benefits, the court is generally limited to the administrative record available to the administrator at the time of final decision. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir.1998). An exception to this rule is recognized, however, when evidence outside the record "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring). "This also means that any prehearing discovery at the district court level should be limited to such procedural challenges." *Id*. If the plaintiff believes such limited discovery is appropriate in this case, within 60 days from the entry date of this order, he SHALL FILE a motion requesting that the Court permit limited discovery and that the Court amend this scheduling order.

This 12th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY